# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** | |
| **Jeffrey A. Lacey and Emilee Lacey,** | **Bankruptcy Case No. 12-41656-JDP** |
| **Debtors.** | |

## MEMORANDUM OF DECISION

**Appearances:**

    R. Sam Hopkins, Pro Se, Chapter 7 Trustee

    Roy Lacey and Renee Lacey, Pro Se, Creditors

*Introduction*

Chapter 7[1] trustee R. Sam Hopkins ("Trustee") filed an objection to a proof of claim filed by *pro se* creditors Roy and Renee Lacey ("the Laceys").

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

Dkt. No. 55. The Laceys filed a response to Trustee's objection, Dkt. No. 59, and on November 26, 2013, the Court held a hearing at which the parties appeared and argued their positions. At the conclusion of the hearing, the Court offered the parties an opportunity to file briefing on the issues presented in this case. The Laceys filed a brief. Dkt. No. 68. Trustee elected not to file a brief.

This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law, and disposes of the issues raised by Trustee's objection.[2]

*Facts*

The Laceys are the parents of the chapter 7 debtors, Jeffrey A. Lacey and Emilee Lacey ("Debtors"). On a unspecified date,[3] the Laceys loaned an unspecified amount to Debtors so they could make a down payment on

---

[2] Rules 9014; 7052.

[3] The Court is unable to determine the exact date of the loan. The Laceys make a reference to copies of checks made payable to Debtors that they provided to Trustee, however, those copies were not included in the proof of claim or otherwise filed with the Court, nor were they offered as evidence at the hearing.

MEMORANDUM OF DECISION – 2

the purchase of a new home. Dkt. No. 59. The Laceys took out a home equity loan on their own home in order to provide these funds. *Id.* Debtors and the Laceys orally agreed that Debtors would make the required payments to the Laceys' lender for the home equity loan, and when Debtors' former home sold, Debtors would pay the balance due on the home equity loan. *Id.*

At the time of making the loan, the Laceys and Debtors contemplated that Debtors' old home would sell within sixty to ninety days. Dkt. No. 68. In addition, the parties believed the old home would sell for a sufficient amount to pay off the debt within that time frame. *Id.* Regrettably, these events did not come to pass. Debtors' former home did not sell, and Debtors eventually filed for bankruptcy relief, surrendering the home to the secured lender. *Id.*

Debtors filed their chapter 7 petition on December 6, 2012. Dkt. No. 1. On March 13, 2013, the Laceys filed a timely proof of claim in the amount of $38,467.39. Claim No. 6-1. Debtors listed the loan they received from the Laceys in their schedules as a "personal loan" in the amount of

MEMORANDUM OF DECISION – 3

$38,899.45. Dkt. No. 1 at 28.

Trustee objected to the Laceys' claim, alleging only that "[the Laceys have] no statements or billing records attached to [the] claim to prove how [the] amount of [the] claim was computed . . . [u]nless [the] claim is amended with documentation, [the] claim should be disallowed." Dkt. No. 55 at 1.

At the hearing, the parties appeared *pro se*, and argued their respective positions. Trustee argued, for the first time, that the Laceys' claim should be disallowed because Idaho Code § 9-505(1), Idaho's statute of frauds, barred enforcement of this debt because the loan agreement did not require repayment within one year. The Laceys argued it was always intended that Debtors would complete performance under the agreement within the year, however, as things turned out, Debtors were just unable to perform as they agreed.

*Analysis and Disposition*

**A.**

A timely filed proof of claim, filed in accordance with Rule 3001, is

MEMORANDUM OF DECISION – 4

prima facie evidence of the validity and amount of the claim. § 502(a); Rule 3001(f); *see also In re Parrott Broadcasting Ltd. P'ship*, 492 B.R. 35, 38 (Bankr. D. Idaho 2013) ("*Parrott*"); *In re Schweizer*, 354 B.R. 272, 279 (Bankr. D. Idaho 2006). A party objecting to the allowance of a claim bears the burden "to produce evidence sufficient to negate the prima facie validity of the filed claim. If the objector produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets." *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (citing *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)); *see also Parrott*, 492 B.R. at 38.

Section 502(b) outlines the circumstances under which the bankruptcy court must disallow a proof of claim. As relevant here, it provides:

> Except as provided in subsections (e)(2), (f), (g), (h)[,] and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall

MEMORANDUM OF DECISION – 5

> allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

Simply put, then, under § 502(b)(1), the Court's primary inquiry in this case is whether Idaho law renders the Laceys' claim unenforceable against Debtors. *Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S. 443, 450 (2007) (citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000)).

> Idaho Code § 9-505 provides, in relevant part,
>
> In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents: . . . 1. An agreement that by its terms is not to be performed within one year from the making thereof.

This provision applies to contracts "whose performance cannot possibly be completed within one year." *Mackay v. Four Rivers Packing Co.*, 179 P.3d 1064, 1067 (Idaho 2008) (citing Restatement (Second) of Contracts § 130, cmt. a (1981)). Further, "[a] contract which is *capable* of being performed

MEMORANDUM OF DECISION – 6

and might have been fully performed and terminated within a year does not fall within the Statute." *Id.* (citing *Darknell v. Coeur D'Alene & St. Joe Transp. Co.*, 108 P 536, 539 (1910)) (emphasis added). This is true regardless of how the parties actually performed under the contract. *Mackay*, 179 P.3d at 1067. Stated another way, the Idaho statute of frauds does not render an agreement invalid so long as there is a possibility "in law and in fact that full performance such as the parties intended may be completed before the expiration of a year." *Id.* (citing 9 Samuel Williston, *A Treatise on the Law of Contracts* § 24:3 (West 1999)); *see also Warner v. Texas & P. Ry. Co.*, 164 U.S. 418 (1896).

**B.**

Applying these legal principles to the facts in this case, Trustee has not shown that the Laceys' claim should be disallowed. The agreement between Debtors and the Laceys was certainly possible of being performed within a year. Indeed, the parties apparently sincerely believed Debtors' old home would sell within sixty to ninety days of the Laceys' loan to them, and that upon receipt of the proceeds of that sale, Debtors were

MEMORANDUM OF DECISION – 7

committed to paying off the debt to the Laceys. Although the parties' assumptions proved too ambitious given the realities of the marketplace at the time, the Court can not conclude that it was not possible that Debtors could fully perform their obligations under their agreement with the Laceys within one year. Thus, the Laceys' claim is not "unenforceable" under Idaho's statute of frauds.

### *Conclusion[4]*

Trustee's objection to Creditors' proof of claim will be denied.

The Court will enter an appropriate order.

Dated: February 13, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] The Court deems Trustee's argument that the Laceys' claim should be disallowed because, as he stated in his objection, the debt and balance due were not properly documented was abandoned because Trustee did not press it at the hearing. In addition, given its decision, the Court need not address any procedural issue raised by Trustee's failure to raise the statute of frauds defense to the Laceys' claim until the hearing.

MEMORANDUM OF DECISION – 8